IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JANICE GILLETTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-cv-2540-TJJ |
| ) | |
| UNIFIED GOVERNMENT OF ) | |
| WYANDOTTE COUNTY/KANSAS CITY, ) | |
| KANSAS, ) | |
| ) | |
| Defendant. ) | |

### ORDER ON RECONSIDERATION OF
### ORDER GRANTING DEFENDANT'S MOTION IN LIMINE
### TO EXCLUDE EVIDENCE THAT BPU
### FAILED TO FOLLOW ITS OWN POLICY

At the in limine conference conducted on October 13, 2015, the Court granted Defendant's motion in limine to exclude evidence that Plaintiff's employer, the Board of Public Utilities ("BPU"), failed to follow its own policy in awarding its Procurement Contract Coordinator ("PCC") position to Misha Cobbins.[1]  The Court, however, allowed the parties until October 16, 2015 to submit additional briefing on the issue and made its ruling subject to reconsideration based upon the additional briefing.

On reconsideration, having reviewed the supplemental briefing filed by Plaintiff (ECF No. 136) and Defendant (ECF No. 137), the Court modifies its earlier ruling granting Defendant's motion in limine to exclude evidence regarding the Misha Cobbins issue, as follows: Defendant's Motion in Limine is hereby denied in part, namely insofar as it seeks to exclude evidence that BPU failed to follow its company *practice* when it offered the PCC position to

---

[1] *See* Order (ECF NO. 135) granting in part, denying in part, and taking under advisement in part Defendant's Motion in Limine (ECF No. 121).

Cobbins after she had withdrawn her name from consideration. Plaintiff cites to the deposition testimony of Jessica Leiker, the individual in BPU's human resources department who approved awarding the Procurement Contract Coordinator position to Cobbins. Leiker agreed that irrespective of BPU's formal policy, its practice was to no longer consider someone who withdrew his or her name from consideration for a position. Defendant candidly admits that "ordinarily when an employee withdraws from a bid, the employee is no longer eligible for that position."[2] Defendant argues there were unique factual circumstances surrounding Cobbins' withdrawal, which it contends were legitimate non-discriminatory business reasons for awarding Cobbins the PCC position notwithstanding her withdrawal from consideration. However, the jury could infer from BPU's departure from its ordinary company practice in awarding Cobbins the PCC position that the proffered reason for not granting Plaintiff an interview was unworthy of belief and therefore pretextual. Pretext may be demonstrated with evidence that the defendant acted contrary to company practice when making an adverse employment decision affecting the plaintiff.[3] Accordingly, Defendant's Motion in Limine is denied insofar as it relates to evidence that BPU failed to follow its ordinary company practice when it offered the PCC position to Cobbins after she withdrew her job bid.[4]

The Court's prior ruling granting Defendant's Motion in Limine insofar as it relates to evidence that BPU failed to follow its own written company policy in awarding the PCC position

---

[2] Def.'s Add'l Br., ECF No. 137 at 2.

[3] *Macon v. United Parcel Serv., Inc.*, 743 F.3d 708, 714 (10th Cir. 2014); *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000).

[4] The Court finds that evidence BPU failed to follow its ordinary company practice in awarding Cobbins the PCC position after she withdrew her job bid may also be relevant to Plaintiff's damages claim.

to Cobbins stands.  For the reasons set out at the October 13, 2015 in limine conference, no testimony or evidence shall be allowed at trial or in any proceeding herein that BPU failed to follow its written company *policy* in awarding the PCC position to Cobbins.

IT IS SO ORDERED.

Dated this 19th day of October, 2015, at Kansas City, Kansas.

*s/ Teresa J. James*<br>
Teresa J. James<br>
U. S. Magistrate Judge

3