IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JANICE GILLETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-2540-TJJ |
| | ) | |
| UNIFIED GOVERNMENT OF | ) | |
| WYANDOTTE COUNTY/KANSAS CITY, | ) | |
| KANSAS, | ) | |
| | ) | |
| Defendant. | ) | |

## SUPPLEMENTAL ORDER REGARDING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF DISCRIMINATION OTHER THAN WHAT WAS PLED OR CONTAINED IN EEOC CHARGE

In its Motion in Limine, Defendant sought to exclude "evidence of discrimination other than what was pled or contained in Plaintiff's EEOC charge."[1] In her Opposition to Defendant's Motion in Limine, Plaintiff stated that she did not object to or oppose Defendant's motion to exclude this evidence.[2] However, at the in limine conference, while agreeing generally that she did not oppose Defendant's motion, Plaintiff questioned the scope of the exclusion sought by Defendant. Accordingly, the Court granted Defendant's motion as unopposed but made the grant subject to further ruling on any specific additional discrimination identified by Plaintiff, and allowed both parties to submit additional briefing on the issue.

Defendant's Motion appears to have been focused on excluding evidence of **claims** not included in Plaintiff's EEOC charge. Defendant asserted that, "Any **claim** outside of these three

---

[1] ECF No. 121 at 12–14.

[2] ECF No. 126 at 10.

claims is not actionable because Plaintiff failed to exhaust her administrative remedies."[3]

Defendant also asserted that the Pretrial Order in this case "is consistent with the charge as it

only outlines **claims** arising out of the EMTT position, the PCC interviews and her employment

in the Poleyard."[4]

In her supplemental brief on this issue, Plaintiff states that she does not oppose the

Motion to the extent it seeks to exclude claims of discrimination not pled or contained in her

EEOC charge, or evidence that would support such claims.[5] However, Plaintiff states that she

does oppose the Motion to the extent it seeks to exclude evidence supporting the claims of

discrimination which were pled and contained in her EEOC charge, and which are set out in the

Pretrial Order.[6]

In its supplemental brief, Defendant contends Plaintiff is attempting to engage in trial by

ambush.  Defendant also contends that Plaintiff failed to sufficiently identify and itemize specific

instances of alleged protected activity in the Pretrial Order.[7]

After reviewing the Motion and the supplemental briefs filed by Plaintiff (ECF No. 138)

and Defendant (ECF No. 145), it is apparent to the Court that further clarification of its earlier

ruling is needed. The Court, therefore, modifies and clarifies its earlier ruling as follows:

---

[3] ECF No. 121 at 12 (emphasis added). Defendant accurately identifies the three claims alleged in the EEOC charge as "discrimination for failure to award plaintiff the EMTT position, retaliation by not awarding her an interview for the PCC position, and a hostile work environment while employed as a Poleyard Operator." The Court subsequently granted Defendant's motion for summary judgment on the hostile work environment claim.

[4] *Id.*(emphasis added).

[5] ECF No. 138 at 1.

[6] *Id.*

[7] ECF No. 145 at 3.

Defendant's Motion in Limine to exclude evidence of discrimination other than what was pled or contained in Plaintiff's EEOC charge is hereby denied in part, namely insofar as it seeks to exclude particular evidence of discrimination *that would support Plaintiff's two remaining claims*— for gender discrimination in not being awarded the EMTT position and her retaliation claim based upon not being awarded an interview for the PCC position. Furthermore, evidence that would support Plaintiff's two remaining claims will *not* be excluded merely because such evidence was not specifically recited in the pleadings or in the EEOC charge (and attached EEOC letter).[8]  Defendant's Motion is granted in part, namely insofar as it seeks to exclude evidence of discrimination unrelated to the remaining two claims or that *only* relates to Plaintiff's hostile work environment claim, on which the Court has already granted summary judgment.

IT IS SO ORDERED.

Dated this 23rd day of October, 2015, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U. S. Magistrate Judge

---

[8] *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)1 (an employment discrimination complaint need not include specific facts but rather need only contain only a short and plain statement of the claim showing the pleader is entitled to relief); *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1184 (10th Cir. 2007) (citing 29 C.F.R. § 1601.12(b)) (An EEOC charge need only contain a written statement "sufficiently precise to identify the parties, and to describe generally the action or practices complained of.").